### BUMMER HINES v. THE STATE.

No. 4913.   Decided February 20, 1918.

Rehearing denied April 10, 1918.

**1.—Local Option—Constitutional Law—Judicial Act—Ministerial Act.**

The local option law is not invalid because it authorizes the Commissioners Court to declare the result of the vote and order its publication. This is not a judicial, but a ministerial act.

**2.—Same—Constitutional Law—Commissioners Court—Result of Election.**

The power conferred upon the Commissioners Court of prohibiting the sale of intoxicants in the territory in which the election was held, after the result of said election was declared, is not legislative, but a ministerial act, under article 5721, Rev. Civ. Stats.

**3.—Same—Legislative Act—Commissioners Court—Result of Election.**

It is the Legislature that enacts the local option law and not the Commissioners Court, and this does not become final or operative until the people have declared their wishes in regard to it at the proper election, and the Commissioners Court simply follows the law, canvasses the vote, declares the result, and orders the prohibition of selling intoxicants.

**4.—Same—Statutes Construed—Commissioners Court—Result of Election.**

If the vote results favorably to local option, it would necessarily follow that the law would go into operation as soon as the Commissioners Court declared the result, and this itself prohibits the sale of intoxicants upon the publication of the order.

Appeal from the District Court of Ellis. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of a violation of the local option law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Tom P. Whipple,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of constitutionality of statute: Rippy v. State, 44 Texas Crim. Rep., 72.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law and allotted two years confinement in the penitentiary.

The only question suggested for revision is the alleged unconstitutionality of the local option law in that it is invalid because it authorizes the declaration of the result of the vote and ordering its publication by the Commissioners Court. The proposition is made that this is a judicial act, and, therefore, not within the authority of the Legislature to grant to the Commissioners Court. We are of opinion that this proposition is not sound. It is not a judicial act as contended by appellant. It is ministerial. The Legislature had the power to authorize the Commissioners Court to declare the result of this election and order its publication. This does not determine the matter judicially. It only declares the result as found upon the face of the returns. The Commissioners Court would have no authority to go into the ballot boxes and count the votes to determine the matter. That only could be done where there was a contest, in the proper tribunal, in case the election was contested. This must be done by a direct proceeding as provided by the statute. The Commissioners Court simply determines the fact from the face of the returns the result of the election. In all elections there must be some means provided to ascertain and declare the result. This is made up from the face of the returns as reported by the election officers, and is not judicial but ministerial.

We have not thought it necessary to go into a detailed discussion of this matter, but believing that the contention of appellant to be unsound, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

April 10, 1918.

DAVIDSON, Presiding Judge.—This case was recently affirmed. Appellant files a motion for rehearing in which he says the court in writing the original opinion did not fully comprehend the question he raised attacking the constitutionality of the local option law. His contention was that the power conferred upon the Commissioners Court of prohibiting the sale of intoxicants in such territory after the result of the election had been declared was legislative. The opinion laid down the proposition that this matter complained of in the statute was not judicial but ministerial. Appellant contends that this did not meet his question. We disagree with him upon that, but meeting his contention that it was legislation on the part of the Commissioners Court, we are of opinion that it was a ministerial act and could not be legislation on the part of the Commissioners Court. That court was not attempting to pass any law; it was not attempting to do any act except that which was enacted by the Legislature and voted upon by the people

in the contest in the local option election. The statute in question, article 5721, reads as follows: "Such court shall hold a special session on the eleventh day after the holding of such election, or as soon thereafter as practical, for the purpose of opening the ballots and counting the votes; and, if a majority of the votes are 'for prohibition' said court shall immediately make an order declaring the result of said vote, and absolutely prohibiting the sale of intoxicating liquors within the prescribed limits, except for the purposes and under the regulations specified in this title, until such time as the qualified voters therein may at an election held for that purpose by a majority vote decide otherwise, etc." That portion of the statute which begins, "and absolutely prohibiting the sale of intoxicating liquors within the prescribed limits," etc., appellant contends is legislation on the part of the Commissioners Court and therefore unconstitutional. The Constitution provides that the Legislature shall pass suitable laws whereby the qualified voters shall have the right to vote upon the prohibition of the sale of intoxicants within a given territory. This legislation, of course, must be sufficient to carry out the purpose of the Constitution to enable the voters to intelligently vote upon the question. It is the Legislature that enacts the legislation and not the Commissioners Court. This legislation does not become final nor operative until the people have declared their wishes in regard to it at a proper election and when this vote has been had and the result is favorable to local option, the Commissioners Court simply follows the law and obeys the mandate to canvass the vote, declaring the result and orders the prohibition of selling intoxicants. This is not legislation on the part of the Commissioners Court. They are but carrying out the law and expressed wish of the people who voted at such election as authorized by the Legislature as to the manner of carrying on the election and the declaring of its result. It takes the vote of the people in a given territory to put this law in operation and the Commissioners Court has been legally selected as the proper body to carry out the provisions of the law. It is simply a ministerial matter and in no case would be legislation by the court. That body is simply following the instructions of the Legislature as enacted into law and vitalized by the voters. A ministerial act by the Commissioners Court is not legislation. If it be conceded that the Legislature could not confer such authority to the Commissioners Court, its act would be void as to that part, if void at all, not because the Commissioners Court entered the order but because the Legislature of the State had no authority to make the provision. As far as the Commissioners Court is concerned, it would not be legislation but simply obeying the will of the Legislature, voted by the people, whether that be constitutional or not. The Legislature had such authority.

From another view, we are of the opinion that whether the Legislature had the authority to require the Commissioners Court to enter the order of which appellant complains or not, would be practically immaterial. The declaration of the result of the vote would necessarily have the same effect whether the remaining part of the order was entered or omitted. If the vote results favorably to local option, when

the Commissioners Court declared that result it would necessarily follow that the law would go into operation. The fact that the Commissioners Court did declare the result favorable to local option would by itself declare that the sale of intoxicants should be prohibited and upon publishing the order by the county judge for the requisite time the law would go into effect.

From any viewpoint there is nothing serious in appellant's contention. The motion for rehearing will, therefore, be overruled.

*Overruled.*

PRENDERGAST, Judge, absent.